Hussain v. Holder

BIA
A095 382 454

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of April, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > Circuit Judges.

_____

MOHAMMAD HUSSAIN,
> *Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

11-3071-ag
NAC

_____

FOR PETITIONER:          Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lindsay W. Zimliki, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Mohammad Hussain, a native and citizen of Pakistan, seeks review of a June 30, 2011, decision of the BIA denying his motion to reopen and reconsider. *In re Mohammad Hussain*, No. A095 382 454 (B.I.A. June 30, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhaov. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). A motion to reconsider "is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *In re Cerna*, 20 I. & N. Dec. 399, 402 n.2 (BIA

1991) (internal quotation marks omitted).  Here, as Hussain failed to identify any errors of fact or law in his motion to reconsider the BIA's October 2010 decision denying his second motion to reopen, the BIA did not abuse its discretion in denying reconsideration.

Nor did the BIA abuse its discretion in denying Hussain's third motion to reopen.  Aliens seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).  It is undisputed that Hussain's November 2010 motion to reopen was untimely, because the BIA issued its final order of removal in December 2008, and number barred, because it is his third motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *see also* 8 C.F.R. § 1003.2(c)(2).  However, these time and number limitations do not apply if the motion is based on changed country conditions.  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).  Here, Hussain failed to offer material evidence of changed country conditions.

Hussain argues that the background materials in support of his motion to reopen established changed country

3

conditions. However, the materials consisted of Hussain's own affidavit, in which he conclusorily asserted that conditions in Pakistan had deteriorated for Shia Muslims. This showing was insufficient.

Further, although the ineffective assistance of counsel can toll the time for filing a motion to reopen, the BIA did not abuse its discretion in declining to toll the relevant time period in this case. Assuming that a movant demonstrated that prior counsel was ineffective, in order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey,* 533 F.3d 127, 131–32 (2d Cir. 2008); *see also Cekic v. INS,* 435 F.3d 167, 170 (2d Cir. 2006). The BIA reasonably concluded that Hussain failed to demonstrate due diligence in pursuing his claim, as the record reflects that Hussain was aware at least as early as December 2008 – when the BIA denied his first motion to reopen and dismissed his appeal – that his counsel had not filed a motion to remand his case to the IJ in order to offer evidence corroborating

4

his claim that his brother had been assaulted in Pakistan in 2007. However, Hussain waited until March 2010 – over one year later – to file a motion to reopen based on that information and failed to provide any explanation for that delay.

Moreover, the BIA reasonably concluded that Hussain failed to demonstrate that his counsel's alleged error prejudiced him. *See Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). Hussain failed to explain how the information that would have served as the basis for a motion to remand would have changed the outcome of his proceedings, particularly as the IJ had already determined that Hussain had failed to testify credibly regarding his claims, and the information regarding his brother's alleged assault bore a different date – October 2007 – than Hussain had offered in his testimony. Accordingly, the BIA did not err in declining to toll the time period for filing Hussain's motion to reopen.

Finally, we dismiss the petition with respect to Hussain's challenge to the IJ's underlying adverse credibility determination because the current petition is not timely to challenge that decision. *See* 8 U.S.C. § 1252(b)(1); *Ke Zhen Zhao*, 265 F.3d at 90 (providing that

5

when an alien files a timely petition for review from the denial of a motion to reopen, but not from the underlying affirmance of a removal order, the Court must confine its review to the denial of the motion).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk